(113 So. 142)

No. 26551.

## NEAL et al. v. STANDARD OIL CO. OF LOUISIANA.

April 25, 1927. Rehearing Denied May 23, 1927.

*(Syllabus by Editorial Staff.)*

1. **Mines and minerals ⬤⟷81—Oil buyer's liability under agreement with assignee of lease to pay assignor held unaffected by invalidity of lease where ratified.**

    In action against buyer of oil from leased land under agreement that first $15,000 due to one of the sellers should be paid to party who assigned lease to said seller, fact that one who originally gave lease had no title *held* immaterial, where true owners of land ratified and confirmed lease to party who assigned lease to said seller.

2. **Mines and minerals ⬤⟷81—Oil buyer's obligation under agreement with assignee of lease to pay assignor held unaffected by assignee's attempt to annul assignment.**

    In action against one buying oil from leased land under agreement that first $15,000, which should become due to one of the sellers, should be paid one one who assigned the lease to seller, fact that said seller was seeking to cancel assignment of lease and to recover the consideration therefor *held* immaterial.

3. **Mines and minerals ⬤⟷81—Oil buyer cannot defeat liability for payment to assignor of lease not stipulated in agreement when signed by assignee, where latter knew it would be inserted.**

    In action against one buying oil from leased land under agreement between all parties that the first $15,000, which should become due to one of the sellers, should be paid to one who assigned the lease to said seller, that the agreement did not provide for such payment when it was signed by the seller *held* immaterial, where seller knew agreement should contain the provision.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Suit by T. S. Neal and the Commercial National Bank of Shreveport against the Standard Oil Company of Louisiana. The interest of T. S. Neal was sold to the St. Landry Oil & Gas Company, which discontinued its claim. From a judgment in favor of defendant, the Commercial National Bank of Shreveport appeals. Reversed and rendered.

John B. Files, of Shreveport, for appellant.

T. M. Milling and F. L. Hargrove, both of Shreveport, for appellee.

A. P. Garland, of Shreveport, amicus curiæ.

ST. PAUL, J. This was a proceeding to recover $15,000, being (part of) the proceeds of oil delivered to defendant from a certain five-acre tract of oil bearing land.

Originally the whole claim belonged to T. S. Neal, but he assigned $5,000 thereof to one W. F. Reynolds, who, in turn, assigned same to the Commercial National Bank of Shreveport. So that this suit was brought for the joint benefit of Neal and of said bank (the "et al." in the title hereof).

But afterwards the interest of said Neal herein was seized and sold to the St. Landry Oil & Gas Company, and the latter then discontinued its claim against defendant; thus leaving as the only issue now involved the $5,000 claimed by the bank.

But to avoid confusion we will deal with the case as if Neal were suing for the whole $15,000, and make the proper adjustment in our decree.

### I.

[1] The five-acre tract of oil land was known as the Emma Garret farm. She gave an oil lease thereon to one Eastham, who, in turn, assigned it to T. S. Neal aforenamed.

Thereafter Neal assigned the lease to, the St. Landry Oil & Gas Company for $25,000, of which $10,000 was paid in cash, and $15,000 was to be paid out of the first run of oil.

The St. Landry Oil & Gas Company then entered into an agreement with the Tulsa Oil Company to develop the land for oil on a half and half basis; and the defendant agreed to take, and did take, the oil under the terms of an agreement by which the first $15,000

coming to the St. Landry Oil & Gas Company would be paid to Neal.

## II.

Afterwards, in a litigation between Emma Garret and the heirs of one Thornton Bridgeman, it was held by this court that the title to said five-acre tract was not in Emma Garret, but in the heirs of said Bridgeman. See Nelson, Curtis, and Nelson v. Bridgeman, 152 La. 190, 92 So. 855.

And thereafter the heirs of said Bridgeman entered into an agreement with said Neal, whereby they ratified and confirmed to said Neal and to his assigns the oil lease originally given by Emma Garret to Eastham.

So that the defendant is now fully protected against any claims which might be advanced by said heirs of Bridgeman for the proceeds of any oil taken from said land under the terms of said lease. And, accordingly, we dismiss, as unfounded, that part of the defense which is suggestive of the possibility that defendant might have to pay twice for the oil received by it.

## III.

[2] For the rest, it is difficult to divine on what other ground the defendant refuses to pay Neal, unless it be that the St. Landry Oil & Gas Company is now litigating with Neal the question whether, under the circumstances above recited, it has the right to annul the lease granted to it by Neal, to recover the $10,000 paid him in cash, and to cancel its obligation to pay the additional $15,000 out of the proceeds of the oil taken from the land.

But we fail to see what this defendant has to do with that issue. It received the oil under an agreement between itself and Neal and the St. Landry Company that the first $15,000 should be paid to Neal. The St. Landry Company has not intervened herein to oppose the execution of that agreement, even had it been justified in doing so. And we fail to see by what authority this defendant is herein seeking to champion the rights of the St. Landry Company, even if it has any rights in the premises.

## IV.

[3] As to the proposition that the agreement to pay said $15,000 to Neal is not binding on the St. Landry Company, and will therefore not protect defendant, because that part of the agreement was not yet written into it when the St. Landry Company signed it, but was put in only afterwards, it is simply *frivolous*. For that was the original agreement between Neal and the St. Landry Company, which was known to defendant, and it was the only condition on which defendant would have been allowed or would have consented to take the oil. The St. Landry Company knew all this, and therefore knew perfectly well, when it signed the division order, that it should and would contain such a provision.

## V.

Our conclusion is that there is no merit in the defense, and that the judgment below, which sustained it, is erroneous.

### Decree.

The judgment appealed from is therefore reversed, and it is now ordered that there be judgment in favor of plaintiff Commercial National Bank of Shreveport, and against defendant, Standard Oil Company of Louisiana, for the full sum of $5,000, with legal interest from June 1, 1920, until paid, and all costs of both courts.

O'NIELL, C. J., takes no part.